**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FRANCISCO AMADEO VALDEZ TALAVERA,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-2031-KC** |
| **FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, et al.,** | § § § § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the case.  On July 31, 2026, Francisco Amadeo Valdez Talavera filed a Petition for a Writ of Habeas Corpus, ECF No. 1.  It is Valdez Talavera's name that appears on the signature line of the Petition.  *See id.* at 3.  However, the Petition also includes a notice of Petitioner's exact location of detention, which is signed by a next friend Gabriela Delgado.  *See id.* at 4.  Accordingly, it appears that the Petition was filed by Delgado on Valdez Talavera's behalf.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner."  *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)).  To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly

dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017). "Inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of the proper use of the 'next friend' application." *Weber v. Garza*, 570 F.2d 511, 514 n. 4 (5th Cir. 1978).

Here, Delgado does not explain her relationship to Valdez Talavera or why Valdez Talavera cannot file a petition for a writ of habeas corpus on his own behalf. *See generally* Pet.; Suppl., ECF No. 1-1. The Court thus exercises its discretion to order a supplemental filing to determine whether Delgado may proceed as "next friend" on behalf of Valdez Talavera. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Accordingly, the Court **ORDERS** that, **by no later than August 24, 2026**, either:

(1) Delgado must **FILE** written notice explaining the circumstances that warrant "next friend" status; or

(2) Valdez Talavera must **FILE** written notice expressing his intent to proceed with this petition pro se.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Delgado and Valdez Talavera via certified and regular mail at the following addresses:

Gabriela Delgado
7428 Aster Rd. SW
Albuquerque, NM 87121

Gabriela Delgado
3811 Milan Ct. SW

Albuquerque, NM 87121

Francisco Amadeo Valdez Talavera
A-084-874-679
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**SO ORDERED**.

**SIGNED this 4th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE